FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  JUL 10 2017  ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ADAN ABREU,

                        Plaintiff,

  -against-

VERIZON NEW YORK, INC., DAVE LUCAS
in his individual and official capacity, THOMAS
BOLGER in his individual and official capacity,
and RICHARD FRANCIS in his individual and
official capacity,

                       Defendants.
---------------------------------------------------------------X

__MEMORANDUM AND ORDER__

CV 15-0058

(Wexler, J.)

WEXLER, District Judge:

      Plaintiff Adan Abreu brought this action against his former employer, Verizon New York, Inc., and personnel at Verizon, alleging that defendants discriminated and retaliated against him because of his race in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000(e), *et seq.*, 42 U.S.C. § 1981, and New York State Human Rights Executive Law § 296. Currently before the Court is defendants' motion for summary judgment. *See* Motion, Docket Entry ("DE") [36].

      Plaintiff was a long-time employee at Verizon who was assigned to work on Fire Island during the events underlying this litigation. Plaintiff ultimately was re-assigned from Fire Island to the mainland by defendants. The reasons for the re-assignment are disputed: plaintiff claims the act was discriminatory and/or retaliatory, while defendants claim that the decision was made because of plaintiff's failure to adhere to company policy. Plaintiff further claims that the conditions of his employment constituted a hostile work environment and that his subsequent retirement arose under circumstances that constituted a constructive discharge by defendants. Defendants argue that all of plaintiff's claims fail as a matter of law.

In employment discrimination cases, "an extra measure of caution is merited" is warranted before granting summary judgment "because direct evidence of discriminatory intent is rare and such intent often must be inferred from circumstantial evidence found in affidavits and depositions." *Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 603 (2d Cir. 2006) (quoting *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 69 (2d Cir. 2001)). Having reviewed the papers in support of and in opposition to the motion, the Court finds that genuine issues of material fact exist with respect to plaintiff's claims that preclude entry of summary judgment at this time. The parties may renew their arguments at trial.

Accordingly, defendants' motion for summary judgment is denied.

SO ORDERED.

                                                  LEONARD D. WEXLER
                                                  UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
        July 10, 2017