UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                           :

ADAN ABREU,                           :       ECF CASE
                                             :       Docket No.: 15-CV-58 (SIL)

                Plaintiff,          :

                                             :

        v.                            :

                                           :

VERIZON NEW YORK, INC.; DAVID LUCAS,  :
THOMAS BOLGER, and RICHARD FRANCIS,  :

                                           :

               Defendants.      ::::
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR RECONSIDERATION

Dated:       New York, New York
              October 2, 2017

*Of Counsel:*
Paul H. Galligan
Howard M. Wexler
Meredith-Anne M. Berger

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500
*Attorneys for Defendants*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .......................................................................................................................... 1

    A.    DEFENDANT'S MOTION IS TIMELY FILED ................................................. 1

    B.    MAGISTRATE JUDGE LOCKE HAS AUTHORITY TO DECIDE THE
            INSTANT MOTION ................................................................................... 2

PLAINTIFF'S CLAIMS FAIL ON THE MERITS .................................................................... 4

Plaintiff Fails To State A Retaliation Claim ......................................................................... 5

Plaintiff's Discrimination Claim Fails .................................................................................. 7

Plaintiff's Hostile Work Environment Claim Is Without Merit ........................................... 7

Plaintiff Was Not Constructively Discharged ...................................................................... 8

CONCLUSION ...................................................................................................................... 9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allis-Chalmers Corp. v. Lueck*,
   471 U.S. 202 (1985)..................................................................................................6

*Amna v. N.Y.S. Dep't of Health*,
   No. 08-cv-2806, 2011 WL 4592787 (E.D.N.Y. Sept. 30, 2011) ...............................7

*Belch v. Jefferson County*,
   108 F. Supp. 2d 143 (N.D.N.Y. 2000) (alleging retaliation under 42 U.S.C. §
   1983, and not Title VII, Section 1981, or the NYSHRL) .........................................6

*Brown v. United States*,
   748 F.3d 1045 (11th Cir. 2014) .................................................................................3

*Butts v. N.Y. City Dep't of Hous. Pres. & Dev.*,
   No. 00-cv-6307, 2007 WL 259937 (S.D.N.Y. Jan. 29, 2007), *aff'd*, 307 F.
   App'x 596 (2d Cir. 2009)...........................................................................................8

*Crippen v. Town of Hempstead*,
   No. 07-cv-3478, 2013 WL 1283402 (E.D.N.Y. Mar. 29, 2013)................................5

*Cyrus v. City of N.Y.*,
   No. 06-cv-4685, 2010 WL 148078 (E.D.N.Y. Jan. 14, 2010)...................................1

*Dickens v. Hudson Sheraton Corp., LLC*,
   167 F. Supp. 3d 499 (S.D.N.Y. 2016) *aff'd*, 16-969-cv, 2017 WL 1755941 (2d
   Cir. May 4, 2017).......................................................................................................7

*Grant v. United Cerebral Palsy of N.Y. City, Inc.*,
   No. 11-CV-00018, 2014 WL 902638 (S.D.N.Y. Mar. 7, 2014) ...............................6

*Hedgeco, LLC v. Schneider*,
   No. 08-CV-494, 2009 WL 1309782 (S.D.N.Y. May 7, 2009) ..................................4

*Joseph v. Leavitt*,
   465 F.3d 87 (2d Cir. 2006).........................................................................................7

*Kirsch v. Fleet Street, Ltd.*,
   148 F.3d 149 (2d Cir. 1998).......................................................................................8

*Microsoft Corp. v. AGA Solutions, Inc.*,
   No. 05-CV-5796, 2009 WL 1033784 (E.D.N.Y. Apr. 17, 2009) ..............................8

*Peretz v. United States*,
    501 U.S. 923 (1991)..................................................................................................4

*Ray v. Henderson*,
    217 F.3d 1234 (9th Cir. 2000) .................................................................................6

*Reyes v. North Shore-Long Island Jewish Health Sys.*,
    No. 00-CV-6400, 2005 WL 1941634 (E.D.N.Y. Aug. 15, 2005) ...........................8

*Richards v. N. Shore Long Island Jewish Health Sys.*,
    No. 10-CV-4544, 2013 WL 950625 (E.D.N.Y. Mar. 12, 2013).............................5

*Rodriguez v. Modern Handling Equip. of NJ, Inc.*,
    604 F. Supp. 2d 612 (S.D.N.Y. 2009).....................................................................6

*Roell v. Withrow*,
    538 U.S. 580 (2003)..................................................................................................4

*Saji v. Nassau Univ. Med. Ctr.*,
    No. 13-CV-3866, 2017 WL 744566 (E.D.N.Y. Feb. 24, 2017) ..........................5, 8

*Town of Deerfield, N.Y. v. F.C.C.*,
    992 F.2d 420 (2d Cir. 1993).....................................................................................3

*U.S. v. Johnston*,
    258 F.3d 361 (5th Cir. 2001) ...................................................................................4

*Vera v. Saks & Co.*,
    335 F.3d 105 (2d Cir. 2003).....................................................................................6

*Wellness Int'l Network, Ltd. v. Sharif*,
    135 S. Ct. 1932 (2015)..............................................................................................4

**Statutes**

28 U.S.C. § 636(c) ...............................................................................................................3

28 U.S.C. § 636(c)(1)...........................................................................................................2

29 U.S.C. 185(a) ..................................................................................................................6

LMRA Section 301 ..............................................................................................................6

**Other Authorities**

Fed. R. Civ. P. 50 .................................................................................................................1

Fed. R. Civ. P. 52 .................................................................................................................1

Fed. R. Civ. P. 59.................................................................................................................1

Fed. R. Civ. P. 59(e) .........................................................................................................1, 2

Fed. R. Civ. P. 73.................................................................................................................3

Fed. R. Civ. P. 73(c) ...........................................................................................................3

L. Civ. R. 6.3.......................................................................................................................1

## PRELIMINARY STATEMENT

Plaintiff seeks to strip this Court of the authority to consider Defendants' motion for reconsideration, authority he previously agreed to grant the Court.  Having previously consenting for this case to be heard by Magistrate Judge Locke for all purposes, Plaintiff cannot now raise an objection to the case being heard by Judge Locke for all purposes.  (*See* ECF No. 57) Plaintiff also makes spurious arguments in support of the "merits" of his case, a case which, on its face, fails to show a dispute of material fact and should have been dismissed upon Defendants' Motion for Summary Judgment (the "Motion").

In denying the Motion, it is respectfully submitted that the Court previously overlooked controlling law and undisputed, critical facts, and as such, pursuant to 59(e), the Court should reconsider its finding and grant the Motion in its entirety. (Order, ECF No. 54)

## ARGUMENT

### A.    DEFENDANT'S MOTION IS TIMELY FILED

As an initial matter, Defendants' motion for reconsideration is timely pursuant to Local Rule 6.3 and Federal Rule of Civil Procedure 59.  Local Rule 6.3, which Plaintiff misleadingly quotes (omitting the very first clause of the Rule), reads in pertinent part, "Unless otherwise provided by the Court or by statute or rule (such as *Fed. R. Civ. P. 50, 52, and 59*), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion . . ." (emphasis added).  *See* L. Civ. R. 6.3.  Federal Rule of Civil Procedure 59(e), by which Defendants make their Motion for Reconsideration, provides, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Plaintiff cites cases which pre-date the 2009 amendment of Rule 59, which expanded the former 10-day periods to 28 days.  *See* Fed. R. Civ. P. 59 (amended 2009); *see also Cyrus v. City of N.Y.*, No.

06-cv-4685, 2010 WL 148078 at *2  (E.D.N.Y. Jan. 14, 2010) (acknowledging this case arose "prior to the recent amendment of Rule 59(e) extending the deadline to within 28 days of entry of the challenged order").   As such, Defendants' motion for reconsideration was timely filed.

**B.**      **MAGISTRATE JUDGE LOCKE HAS AUTHORITY TO DECIDE THE INSTANT MOTION**[1]

Plaintiff's assertion that Judge Locke cannot decide the instant motion because he lacks the constitutional authority to do so is misplaced.  Plaintiff glosses over the fact that he, along with Defendants, consented to exclusive jurisdiction of the Magistrate Judge on March 1, 2017, which was thereafter granted by Judge Wexler on July 13, 2017.  (ECF Nos. 30 & 57)  It is clear that Plaintiff now seeks to avoid Judge Locke hearing this motion for reconsideration because he prefers the ruling made by Judge Wexler.

Pursuant to statutory authority, "upon the consent of the parties, a full-time United States magistrate judge . . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves."  28 U.S.C. § 636(c)(1).  It is not disputed that the instant matter is civil in nature, and Plaintiff has not previously objected or made any attempt to withdraw his consent to proceed before Your Honor.  In the conferences before Your Honor since the trial concluded, Plaintiff did not put an objection on the record to Your Honor's jurisdiction, or objected to Your Honor presiding over the trial.  Plaintiff concedes, "*if* Judge Wexler has granted consent to Magistrate Jurisdiction prior to Judge Wexler issuing the *Order* on July 10, 2017 denying summary judgment, Magistrate Judge Locke would have made the ultimate determination regarding the motion for summary judgment."  Pl. Opp. at 10.  Plaintiff is

---

[1] Defendants do not address Plaintiff's argument that Judge Wexler should be recused from this matter.  Rather, Defendants submit that if Your Honor decides not to hear the instant motion, that Defendants' motion be heard by a District Judge in this Court so that Defendants are not without a remedy.

2

now protesting to Your Honor's authority to decide the case in order to ensure a favorable forum in which to present his case.

The parties' consent to all proceedings before Your Honor necessarily allows Your Honor to hear all proceedings in this case (aside from a contempt hearing), including, but not limited to, a motion for reconsideration. *See* Fed. R. Civ. P. 73 Advisory Committee Notes (1983) ("The only exception to a magistrate's exercise of civil jurisdiction, which includes the power to conduct jury and nonjury trials and decide dispositive motions, is the contempt power"). This is further evidenced by the Rule's proviso that appeal of a Magistrate Judge's decision may be taken directly to the appropriate appellate court. *See* Fed. R. Civ. P. 73(c).

Plaintiff relies on inappropriate cases, or on dissenting opinions, to support his theory that Your Honor lacks authority to decide this motion. Plaintiff's argument that "*Town of Deerfield, N.Y. v. F.C.C.*, 992 F.2d 420 (2d Cir. 1993) unequivocally determined that a Federal District Court Judge's Order and Decision can only be overruled or reversed by a Federal Appellate Judge or a Justice of the United States Supreme Court," is misleading. *See* Plaintiff's Opposition to Defendants' Motion for Reconsideration ("Pl. Opp.") at 2. *Town of Deerfield* addresses the concept that an administrative agency cannot review judgments of an Article III court, not the parties' ability to consent to jurisdiction of Judge Locke for all purposes. *See* 992 F.2d at 428. Likewise, Plaintiff cites the Eleventh Circuit's opinion in *Brown v. United States* for the proposition that "non-Article III judges may not revise or overturn Article III judgments," but fails to put this *dicta* in its proper context. In *Brown*, the court held that a motion to vacate a criminal sentence, a "§ 2255 motion," though the matter was referred to the magistrate judge on consent of both parties, may not be decided by a magistrate judge because it was not a "civil matter" for purposes of 28 U.S.C. § 636(c). 748 F.3d 1045 (11th Cir. 2014). Plaintiff's

3

reference to *U.S. v. Johnston* is equally inapposite for the same reason.  258 F.3d 361, 368 (5th Cir. 2001) (conceding "at least for the purposes of Article III analysis, a § 2255 motion does not easily comport with the average civil case or even another quasi-civil proceeding . . . ").  Plaintiff attempts to liken a motion for reconsideration in a civil matter, *on consent* before Your Honor, to a criminal motion.

A more appropriate analogy to the instant case may be seen in several Supreme Court cases which have held that the consent of the parties to proceed before a non-Article III judge is dispositive.  *See Peretz v. United States*, 501 U.S. 923 (1991) (Magistrate Judge may preside over jury selection in felony trial when parties consented); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015) (claim for attorneys' fees need not be decided by Article III judge; rather, bankruptcy court properly retained jurisdiction with consent of the parties)[2]; *Roell v. Withrow*, 538 U.S. 580 (2003) (even with only implied, not express, consent to all proceedings before the Magistrate, jury trial was properly decided through verdict by Magistrate).  It is well settled by the highest court that "[a]djudication based on litigant consent has been a consistent feature of the federal court system since its inception."  *Wellness Int'l*, 135 S. Ct. at 1947.  Plaintiff's argument that Your Honor does not have the authority to decide the instant motion is unsupported by controlling law and is contrary to his own *written* acquiescence to proceed before Your Honor for all purposes.

## PLAINTIFF'S CLAIMS FAIL ON THE MERITS

"To prevail on a motion for reconsideration, the movant must demonstrate that a court overlooked factual matters or controlling decisions that might reasonably be expected to alter the conclusion reached."  *Hedgeco, LLC v. Schneider*, No. 08-CV-494, 2009 WL 1309782, at *2

---

[2] Plaintiff cites to a dissenting opinion in *Wellness Int'l*, making a point inapposite to the majority's holding.  *See* Pl. Opp. at 10 *citing* 135 S. Ct. at 1958.

(S.D.N.Y. May 7, 2009) (internal quotation marks and citations omitted).  As set forth more fully in Defendants' moving papers, Judge Wexler's Order dismissing Defendants' Motion overlooked the undisputed material facts and case law supporting Defendants' position and Plaintiff's failure to support his claims with admissible evidence, while relying only on "circumstantial evidence found in affidavits and depositions."  (ECF No. 54)  As such, Defendants respectfully submit that Your Honor grant the instant Motion for Reconsideration.

**<u>Plaintiff Fails To State A Retaliation Claim</u>**

Plaintiff, for a third time, reframes his retaliation claim in an attempt to articulate a semblance of a claim.  Plaintiff's retaliation claim has morphed into an entirely different claim from the time he filed his Amended Complaint, opposed Defendants' Motion, and now, following a mistrial, proffers yet another theory involving a witness at trial's "beliefs" about white comparators.[3]  Pl. Opp. at 13.  A motion for reconsideration is not an opportunity for a party to "offer the same arguments that were previously submitted to the court" or "advance new facts, issues or arguments not previously presented to the Court[.]" *Saji v. Nassau Univ. Med. Ctr.*, No. 13-CV-3866, 2017 WL 744566, at *3 (E.D.N.Y. Feb. 24, 2017) *citing Richards v. N. Shore Long Island Jewish Health Sys.*, No. 10-CV-4544, 2013 WL 950625, at *1 (E.D.N.Y. Mar. 12, 2013).  Even assuming that trial testimony is admissible on reconsideration of *summary judgment*, hearsay and unsupported allegations are not admissible on summary judgment. *See Crippen v. Town of Hempstead*, No. 07-cv-3478, 2013 WL 1283402, at *11  (E.D.N.Y. Mar. 29, 2013).

---

[3]   In his Amended Complaint, Plaintiff's retaliation claim was founded on his reassignment from Fire Island to the Mainland (before any protected activity).  In Opposition to the Motion, Plaintiff claimed the retaliation was the failure of Defendants to re-assign him back to Fire Island.  In Opposition to the Motion for Reconsideration, Plaintiff now centers his retaliation claim on hearsay comments by Union representative Ron Muscarella to Plaintiff that lead Plaintiff to believe that he was not allowed to raise his hand to be considered for Fire Island. Pl. Opp. 15.

Plaintiff cites similar inapposite, non-binding case law in his latest brief.  *See Belch v. Jefferson County*, 108 F. Supp. 2d 143 (N.D.N.Y. 2000) (alleging retaliation under 42 U.S.C. § 1983, and not Title VII, Section 1981, or the NYSHRL); *Ray v. Henderson*, 217 F.3d 1234 (9th Cir. 2000) (addressing only Title VII).  Nonetheless, Plaintiff cannot overcome the fact that he failed to suffer an adverse action when he was reassigned to the Mainland from Fire Island, which was attendant with the same title, salary, benefits, management, and schedule as his prior assignment.  *See Grant v. United Cerebral Palsy of N.Y. City, Inc.*, No. 11-CV-00018, 2014 WL 902638, at *7 (S.D.N.Y. Mar. 7, 2014).[4]

Plaintiff further argues the alleged statements made to him by his union representative, Ron Muscarella, are somehow not hearsay and therefore admissible.  It is well established that statements made in the course of an investigation which are not factual findings, and are instead statements the investigator learned of during the course of an investigation, are inadmissible as hearsay.  *See Rodriguez v. Modern Handling Equip. of NJ, Inc.*, 604 F. Supp. 2d 612, 622-23 (S.D.N.Y. 2009) (holding an investigative report which relied on statements from non-parties gathered during the investigator's investigation, was inadmissible because the investigator did "not have personal knowledge of the information contained in the report, which [was] being offered for its truth").  Thus these statements, even if made, cannot be used to stave off dismissal of Plaintiff's retaliation claim.

---

[4]  To the extent that the Court must review and interpret the collective bargaining agreement between Verizon and the Communication Workers of America to determine whether Plaintiff was transferred or simply re-assigned, at least Plaintiff's State law discrimination and retaliation claims would be preempted under Section 301 of the LMRA (29 U.S.C. 185(a)).  *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210-211 (1985); *Vera v. Saks & Co.*, 335 F.3d 105, 114 (2d Cir. 2003).

Accordingly, Plaintiff's latest attempt at re-pointing his retaliation claim fails.  Judge Wexler overlooked the fact that Plaintiff did not suffer an adverse action, which is fatal to any version of his retaliation claim.

**<u>Plaintiff's Discrimination Claim Fails</u>**

Plaintiff now concedes that the allegations he presents in support of his discrimination claim with respect to Francis' supervision of Plaintiff prior to 2010 is time-barred.  (Pl. Opp. at 23).  Plaintiff's allegations with respect to his alleged discriminatory treatment are insufficient to support a claim of discrimination.  Defendants respectfully submit that the Court overlooked the fact that these allegations are uncorroborated, inadmissible, or conclusory assertions, which, even if true, are "mere inconvenience[s]" that do not amount to unlawful discrimination.  *See Joseph v. Leavitt*, 465 F.3d 87, 90 (2d Cir. 2006).

**<u>Plaintiff's Hostile Work Environment Claim Is Without Merit</u>**

The Court also overlooked the fact that Plaintiff's allegations with respect to his hostile work environment claims are stray remarks.  Plaintiff has failed to raise allegations which rise to the level of harassment, and Defendants' conduct was neither "severe" nor "pervasive," as various courts in this circuit have held.  *See Amna v. N.Y.S. Dep't of Health*, No. 08-cv-2806, 2011 WL 4592787, at **8, 14-15 (E.D.N.Y. Sept. 30, 2011) (stray remarks, including a comment about whether plaintiff vacationed in Iraq and a co-worker laughing at an anti-Muslim joke in front of plaintiff, coupled with facially-neutral allegations, such as a transfer to a different unit, excessive supervision, and threatening to suspend plaintiff, did not constitute a hostile work environment); *Dickens v. Hudson Sheraton Corp., LLC*, 167 F. Supp. 3d 499, 518 (S.D.N.Y. 2016) *aff'd*, 16-969-cv, 2017 WL 1755941 (2d Cir. May 4, 2017) (holding that remarks made by colleagues about plaintiff's reassignment, which were not race-related, not actionable under Title VII or Section 1981).  As such, the Court should respectfully reconsider its ruling.

7

**Plaintiff Was Not Constructively Discharged**

In addition to restating his allegations with respect to his constructive discharge claim, which he fails to support with case law or corroboration of any kind, Plaintiff has not credibly presented facts that support such a claim.  The one case Plaintiff cites in support of his claim, *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149 (2d Cir. 1998), was decided on an "abuse of discretion" standard on appeal of a case under the Age Discrimination in Employment Act, and not whether the Court failed to give inordinate weight to a neutral fact, or failed to consider evidence on the record, in a Title VII or NYSHRL claim.  *See, e.g.*, *Saji*, 2017 WL 744566, at \*\*3-5; *Microsoft Corp. v. AGA Solutions, Inc.*, No. 05-CV-5796, 2009 WL 1033784, at \*2 (E.D.N.Y. Apr. 17, 2009).  Plaintiff admits he had no contact with the alleged harassers for two years prior to his voluntary retirement, through which he procured a favorable pension.  *See Butts v. N.Y. City Dep't of Hous. Pres. & Dev.*, No. 00-cv-6307, 2007 WL 259937, at \*21 (S.D.N.Y. Jan. 29, 2007), *aff'd*, 307 F. App'x 596 (2d Cir. 2009) (six month break between alleged adverse action and plaintiff's acceptance of voluntary retirement package sufficient to undermine a claim that working conditions were intolerable).  Plaintiff never complained about the alleged harassment, a single written statement about which he cannot recall any details, and in fact testified that he had a positive experience at Verizon.  (ECF No. 38, Brewington Ex. B at 182:18-25; 230:17-22)  *See Reyes v. North Shore-Long Island Jewish Health Sys.*, No. 00-CV-6400, 2005 WL 1941634, at \*\*4, 7-8 (E.D.N.Y. Aug. 15, 2005) (dismissing claim of constructive discharge where, among other things, plaintiff thanked her employer in letter of resignation).  The Court overlooked the fact that Plaintiff has failed to meet the high burden to show he was constructively discharged.

## **CONCLUSION**

For these reasons, and those set forth in Defendants' Memoranda, the Court should

reconsider and grant Defendants' motion for summary judgment.

Dated: October 2, 2017                              Respectfully submitted,

                                                    SEYFARTH SHAW LLP


                                                    By:  /s/ *Paul H. Galligan*
                                                    _____
                                                        Paul H. Galligan
                                                        Howard M. Wexler
                                                        Meredith-Anne M. Berger
                                                        620 Eighth Avenue, 32nd Floor
                                                        New York, NY 10018-1405
                                                        Tel.:  (212) 218-5500
                                                        Fax:  (917) 344-1210

                                                        *Attorneys for Defendants*

9

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 2, 2017, I electronically filed the foregoing REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following counsel of record for the Plaintiff:

> Frederick K. Brewington
> Catherine Harris-Marchesi
> Law Offices of Frederick K. Brewington
> 556 Peninsula Boulevard
> Hempstead, New York 11550

> _/s/ Paul Galligan_____
> Paul H. Galligan