UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
ADAN ABREU,                                               DOCKET NO.: CV-15-58
                                                                                    (SIL)
                           Plaintiff

                -against-

VERISON NEW YORK, INC., DAVE LUCAS, in
his individual and official capacity, TOM BULGER,
in his individual and official capacity, RICK FRANCIS
in his individual and official capacity,

                           Defendants.
------------------------------------------------------------------------ X

**PROPOSED JOINT PRETRIAL ORDER**

Pursuant to Magistrate Judge Steven I. Locke's Individual Motion Practice and Scheduling Order, Plaintiff Adan Abreu ("Plaintiff") and Defendants Verizon New York Inc. ("Verizon"), David Lucas, Thomas Bolger, and Richard Francis (collectively, the "Defendants"), through their respective undersigned counsel, respectfully submit the following Joint Proposed Pretrial Order:

### I. THE FULL CAPTION OF THE ACTION

The caption as set forth above, is the full caption of the within action

### II. TRIAL COUNSEL FOR PLAINTIFF AND DEFENDANTS

| | |
|---|---|
| Frederick K. Brewington, Esq. | Paul H. Galligan, Esq. |
| Cathryn Harris-Marchesi, Esq. | Howard M. Wexler, Esq |
| *Attorneys for Plaintiff* | Meredith-Anne M. Berger, Esq. |
| LAW OFFICES OF | *Attorneys for Defendants* |
| FREDERICK K. BREWINGTON | SEYFARTH SHAW LLP |
| 556 Peninsula Boulevard | 620 Eighth Avenue, Floor 32 |
| Hempstead, New York 11550 | New York, New York 10018 |
| Telephone: 516-489-6959 | Telephone: (212) 218-5500 |
| Facsimile: 516-489-6958 | Facsimile: (212) 218-5526 |

### III. SUBJECT MATTER JURISDICTION

A.  *Plaintiff's Statement*

Plaintiff states that the jurisdiction of this Court is invoked under 28 U.S.C. §§1331 and 1343 and that this Court has pendant jurisdiction with respect to Plaintiff's State law claims pursuant to 28 U.S.C.§ 1367. Venue in the Eastern District of New York is proper under 28 U.S.C. §1391, based on the fact that Plaintiff resides in Suffolk County, New York, and the Defendant is conducting business in the State of New York, specifically Suffolk County.

B.  *Defendants' Statement*

Defendants state that the jurisdiction of this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1343 and that this Court has supplemental jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. § 1367.  Notwithstanding, Defendants reserve the right to assert that Plaintiff's claims are barred to the extent they are preempted by federal law under 29 U.S.C. § 185 (Section 301 of the Labor Management Relations Act).

## IV.  PARTIES' CLAIMS AND DEFENSES

A.  *Plaintiff's Claims*

Plaintiff's herein civil action seeks monetary relief (including past and on going economic loss), compensatory and punitive damages, disbursements, costs and fees for violations of the Plaintiff's rights, brought against Defendants Verizon New York, Inc., (hereinafter VERIZON), Dave Lucas (hereinafter LUCAS), Thomas Bolger (hereinafter BOLGER), and Richard Francis (hereinafter FRANCIS) pursuant to; Title VII, Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) et.al; § §1981 and 1988, New York State Executive Law § 296 and claims for Constructive Termination based on the Defendants' unlawful discrimination against the Plaintiff in his employment, vis-a-vis

unequal terms and a hostile work environment based on Plaintiff's race (African-American) and color, and in retaliation for him opposing such discriminatory practices.

### B. *Defendants Claims*

Plaintiff alleges discrimination, hostile work environment, and constructive discharge in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981(b) ("Section 1981"), and the New York State Human Rights Law ("NYSHRL") against Verizon. See U.S.C. § 2000-e(2)(a)(1); 42 U.S.C. § 2000-e(3)(a); 42 U.S.C. § 1981(b); 15 N.Y. EXEC. L. § 296(1)(a); 15 N.Y. EXEC. L. § 296(1)(e). In addition, Plaintiff alleges discrimination, hostile work environment, retaliation, and constructive discharge against the individual defendants Lucas, Francis, and Bolger pursuant to Section 1981 and the NYSHRL. See 42 U.S.C. § 1981(b); 15 N.Y. EXEC. L. § 296(6). Defendants aver that Plaintiff never suffered an adverse action, and even assuming he can demonstrate a prima facie case of discrimination or retaliation, cannot rebut Defendants' legitimate, non-discriminatory and non-retaliatory business reasons for taking the alleged adverse action. As such, Defendants have not violated Title VII, Section 1981, and the NYSHRL. See U.S.C. § 2000-e(2)(a)(1); 42 U.S.C. § 2000-e(3)(a); 42 U.S.C. § 1981(b); 15 N.Y. EXEC. L. § 296(1)(a); 15 N.Y. EXEC. L. § 296(1)(e); 15 N.Y. EXEC. L. § 296(6).

Defendants also assert a Farragher-Ellerth defense, as upon receiving a complaint of discrimination from Plaintiff, thoroughly and promptly investigated the allegations. See Faragher v. City of Boca Raton, 524 U.S. 775 (1998); Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998). Defendants Lucas, Francis, and Bolger cannot be held liable in their individual capacity under the NYSHRL or Section 1981, either as primary actors or on the basis of an "aiding and abetting" or any other theory of liability. See 15 N.Y. EXEC. L. § 296(6); 42 U.S.C. § 1981(b).

Finally, assuming Plaintiff meets his burden of proof on any of his claims, which he cannot, Defendants aver that Plaintiff failed to mitigate his purported damages. See 42 U.S.C. § 2000e-5(g)(1). To the extent punitive damages are put before the Jury, Plaintiff is not entitled to any such damages because he cannot show that he has proven by a preponderance of the evidence that a management official of Verizon personally acted with malice or reckless indifference to his federally protected rights. See 42 U.S.C. § 1981a(b).

## V. JURY TRIAL REQUESTED AND NUMBER OF DAYS FOR TRIAL

This case is to be tried by a jury. The parties estimate that trial will take four days, exclusive of jury selection and preliminary and final jury instructions.

## VI. STIPULATIONS OF FACT OR LAW OR FACT

1. Plaintiff Adan Abreu represents and agrees that he will not seek to introduce as exhibits on his case-in-chief documents which purport to be a part of the New York State Division of Human Rights Case No. 10162287 file. Plaintiff reserves the right to introduce said documents for purposes of refreshing a witness's recollection, if necessary, or during Defendants' case-in-chief on cross-examination.

2. In accordance with this Stipulation, Defendants will not move to preclude this evidence, through a motion in limine or otherwise, so long as Plaintiff does not seek to introduce it on his case-in-chief.

3. Defendants waive any defense that Plaintiff has not satisfied his condition precedent to pursue his state law claims.

4. The parties will stipulate that exhibits are business records pursuant to Fed. R. Civ. P. 803 to obviate the need for witnesses to be subpoenaed or called to testify purely to

identify that such documents are business records, such as a representative of MetLife or a representative of Verizon's Human Resources department.

## VII. PARTIES' TRIAL WITNESS LISTS

### A. *Plaintiff's Fact Witness List*

Plaintiff intends to call the following witnesses who, if called will testify in-person in support of Plaintiff's case-in-chief:

1. Adan Abreu, Plaintiff, Former Verizon Employee.

2. Ron Muskarella, Plaintiff's former Union business agent with Communications Workers of America, AFL-CIO District One.

3. Chris Riordan, a Field Technician with Defendant Verizon in Holbrook, New York.

4. Arthur Paulinosino, a former Field Technician with Defendant Verizon in Holbrook, New York.

5. Steven Moore, a Field Technician with Defendant Verizon in Holbrook, New York.

6. Enoch Chan, MD, Plaintiff's treating physician.

*At this time, all of the above witnesses are expected to testify in person. Should any witnesses become unavailable, Plaintiff reserves the right to offer the deposition testimony of such witnesses. Plaintiff does not intend to offer any deposition testimony unless any witnesses become unavailable for trial. Plaintiff reserves the right to offer any deposition testimony of such witnesses. Plaintiff further reserves the right to offer deposition testimony for the purpose of impeaching a witness or to refresh the recollection of a witness.*

### B. *Defendants' Witness List*

Defendants intend to call the following witnesses who, if called, will testify in-person in support of Defendants' case-in-chief:

1. Thomas Bolger, Individual Defendant, Area Operations Manager for Verizon in Holbrook, New York

2. Richard Francis, Individual Defendant, Former Verizon Employee

3. David Lucas, Individual Defendant, Former Verizon Employee

4. Adan Abreu, Plaintiff, Former Verizon Employee

5. Ron Muscarella, Plaintiff's former Union business agent with Communications Workers of America, AFL-CIO District One

6. Chris Riordan, a Field Technician with Defendant Verizon in Holbrook, New York

7. Arthur Paulinosino, a former Field Technician with Defendant Verizon in Holbrook, New York

8. Steven Moore, a Field Technician with Defendant Verizon in Holbrook, New York

9. Enoch Chan, MD, Plaintiff's treating physician

*Defendants reserve the right to call any or all of the individuals identified as witnesses by Plaintiff. Further, to the extent that Plaintiff supplements his discovery responses in accordance with his continuing obligations to do so under Fed. R. Civ. P. 26(e), Defendants reserve the right to amend and/or supplement their witness list. Defendants further reserve the right to call witnesses not currently identified for impeachment and/or rebuttal purposes. All witnesses should be contacted, if at all, only through Defendants' counsel indicated above.*

## VIII. DESIGNATION OF DEPOSITION TESTIMONY

At this time, the parties anticipate all witnesses who have been deposed will be available for trial, and consequently do not see a need to designate deposition testimony herein. Should a witness subsequently become unavailable, the parties agree to exchange deposition designations for that particular witness.

Consistent with Rules 32(a)(2) and (4) of the Federal Rules of Civil Procedure and Federal Rule of Evidence 607, Defendants will introduce deposition testimony of Plaintiff, and of other witnesses, for impeachment purposes or if a witness is unavailable to testify. Similarly, pursuant to the aforementioned Federal Rules of Civil Procedure and Evidence, Plaintiff will introduce deposition testimony of Defendants, and other witnesses, for impeachment purposes, to refresh a witness's recollection or if a witness is unavailable to testify.

## IX. PRETRIAL MEMORANDUM

A. *Plaintiff*

B. *Defendants*

Defendants refer the Court to their Pretrial Memorandum (ECF No. 74) and filed in accordance with Magistrate Judge Locke's Individual Practices on February 25, 2019.

## X. PARTIES' TRIAL EXHIBITS

a. *Plaintiff's Trial Exhibits*

Plaintiff anticipates that he may seek to use some or all of the following exhibits in his case-in-chief. Plaintiff reserves the right to introduce exhibits not identified herein as allowed under the Federal Rules of Evidence or Local Rules of the Court in lieu of or in addition to the exhibits listed below. Plaintiff also reserves the right to use any or all exhibits designated by Defendants and to use exhibits not listed herein for the purposes of impeachment or rebuttal.

| **TRIAL EXHIBIT:** | **DEPOSITION EXHIBIT:** | **DESCRIPTION:** | **BATES RANGE:** | **DEFENDANTS' EVIDENTIARY OBJECTION:** |
|---|---|---|---|---|
| 1. | | Plaintiff's Complaint | Abreu 00001- 00017 | |
| 2. | Pltf.'s Exh. 4 | Plaintiff's Amended Complaint | | |
| 3. | | Defendants' Answer to Plaintiff's First Set of Interrogatories | | |
| 4. | | Defendants' Response to Plaintiff's First Set of Requests for Production | | |

| **TRIAL EXHIBIT:** | **DEPOSITION EXHIBIT:** | **DESCRIPTION:** | **BATES RANGE:** | **DEFENDANTS' EVIDENTIARY OBJECTION:** |
|---|---|---|---|---|
| 5. | | Notice and Final Order by New York State Division of Human Rights, dated August 26, 2014 | Abreu 00018 – 00020 | |
| 6. | | Recommended Order of Dismissal for Administrative Convenience by New York State Division of Human Rights, dated August 25, 2014. | Abreu 00021 – 00022 | |
| 7. | | Determination after Investigation by New York State Division of Human Rights, dated July 17, 2014. | Abreu 00023 | |
| 8. | | Final Investigation Report and Basis of Determination by New York State Division of Human Rights, dated July 16, 2014. | Abreu 00024 – 00027 | |
| 9. | | Reopening by New York State Division of Human Rights, dated June 17, 2014. | Abreu 00028 – 00033 | |
| 10. | | Determination and Order after Investigation by New York State Division of Human Rights, dated November 8, 2013. | Abreu 00034 – 00035 | |

| **TRIAL EXHIBIT:** | **DEPOSITION EXHIBIT:** | **DESCRIPTION:** | **BATES RANGE:** | **DEFENDANTS' EVIDENTIARY OBJECTION:** |
|---|---|---|---|---|
| 11. | | Amendment to the Complaint by New York State Division of Human Rights, dated May 29, 2013. | Abreu 00036 - 00037 | |
| 12. | | Verified Complaint Pursuant to Executive Law, Article 15 by New York State Division of Human Rights, dated May 9, 2013. | Abreu 00038 - 00043 | |
| 13. | | Verizon's Equal Employment Opportunity/ Affirmative Action Policy, dated June 2011. | Abreu 00044 - 00047 | |
| 14. | | Verizon's NY/ NE Associate Workplace Attire Guidelines – Coverage Certification, dated June 17, 2013. | Abreu 00048 - 00049 | |
| 15. | | Letter by Enoch Chan MD, re: Depression and Anxiety Caused by Work Place, dated October 23, 2014. | Abreu 00050 | |
| 16. | | News Article titled "Fire Island Becomes Test Case as Verizon Abandons Copper, dated July 9, 2013. | Abreu 00051 - 00054 | |
| 17. | | Photograph of Ron Haff on a bicycle, dated July 10, 2014. | Abreu 00055 | |
| 18. | | Institute for Rational Counseling Progress Notes, Fax dated February 20, 2014. | Abreu 00056-00065 | |

| TRIAL EXHIBIT: | DEPOSITION EXHIBIT: | DESCRIPTION: | BATES RANGE: | DEFENDANTS' EVIDENTIARY OBJECTION: |
|---|---|---|---|---|
| 19. | | New York State Worker's Compensation Board, Claimant's Notice of Independent Medical Examination and Results, dated March 13, 2014. | Abreu 00066-00078 | |
| 20. | | Adan Abreu Family and Medical Leave Act (FMLA) Certification Form and Letter from Verizon Absence Administration, dated July 30, 2014. | Abreu 00079-00085 | |
| 21. | | Metlife's Behavioral Health Initial Functional Assessment Form, Claim #511407098411, dated August 7, 2014. | Abreu 00086-00089 | |
| 22. | | Letter from Metlife, re: Adan Abreu Short-Term Disability Approval for August 10, 2014 through September 21, 2014, dated August 10, 2014 | Abreu 00090-00091 | |
| 23. | | Best Choice Medical, PC, Enoch Chan, MD, Medical Progress Notes for Adan Abreu from October 11, 2103 through July 3, 2014. | Abreu 00092-00094 | |
| 24. | | Adan Abreu Family and Medical Leave Act (FMLA) Certification Form, dated October 4, 2013. | Abreu 00096-00103 | |
| 25. | | Adan Abreu, Claimant's Request For Review for Denial of Disability Benefits, Workers' Compensation Board, dated December 11, 2013. | Abreu 00104-00107 | |

| TRIAL EXHIBIT: | DEPOSITION EXHIBIT: | DESCRIPTION: | BATES RANGE: | DEFENDANTS' EVIDENTIARY OBJECTION: |
|---|---|---|---|---|
| 26. | | Adan Abreu, State of New York Workers' Compensation Board, Attending Doctor's Report and Carrier/Employer Billing Form, dated February 24, 2014. | Abreu 00108 | |
| 27. | | Letter from Foley, Smit, O'Boyle & Weisman, Attorneys at Law, re: C-7 and PH-16.2 forms and Attorney's Certification, to Workers' Compensation Board, dated December 12, 2013. | Abreu 00109-00115 | |
| 28. | | Global Compliance Report by Adan Abreu dated July 25, 2012 | VERIZON000001-VERIZON000003 | |
| 29. | | Global Compliance Follow-Up Report, dated Aug. 8, 2012 | VERIZON000004-VERIZON000005 | |
| 30. | | Interview Notes with Plaintiff dated July 31, 2012 | VERIZON000008-VERIZON000011 | |
| 31. | | Verizon's Case Management History Report | VERIZON000012-VERIZON000013 | |
| 32. | | Plaintiff's Performance Appraisals 2007 through 2014 | VERIZON000014-VERIZON000058 | |
| 33. | | Interview Notes with Plaintiff dated August 7, 2012 | VERIZON000100-VERIZON000102 | |
| 34. | | David Lucas Verizon Training History Record | VERIZON000105-VERIZON000107 | |
| 35. | | Thomas Bolger Verizon Training History Record | VERIZON000174-VERIZON000176 | |
| 36. | | Richard Francis Verizon Training History Record | VERIZON000133-VERIZON000134 | |

| TRIAL EXHIBIT: | DEPOSITION EXHIBIT: | DESCRIPTION: | BATES RANGE: | DEFENDANTS' EVIDENTIARY OBJECTION: |
|---|---|---|---|---|
| 37. | Pltf.'s Exh. 1 | Verizon Your Work Code of Conduct | VERIZON000177-VERIZON000216 | |
| 38. | | NYSDHR Charge of Discrimination by Adan Abreu v. Verizon et.al, dated May 9, 2013 | VERIZON000360-VERIZON000364 | |
| 39. | | NYSDHR Event History Complaint No. 10162287, filed May 13, 2013 | VERIZON000393-VERIZON000403 | |
| 40. | | Verizon Equal Employment Opportunity/Affirmative Action Policy (June 2011) | VERIZON000464-VERIZON000465 | |
| 41. | | Metlife Print Claim Activity Log for Adan Abreu Claim, dated from Feb. 6, 2013 | VERIZON000948-VERIZON001062 | |
| 42. | | Metlife Short Term Disability Records for Adan Abreu, dated from October 7, 2013 | VERIZON001064-VERIZON001157 | |
| 43. | | Job Description for Verizon Field Technician | VERIZON001158-VERIZON001162 | |
| 44. | | Metlife Appeals Records for Adan Abreu | VERIZON001171-VERIZON001186 | |
| 45. | | Dr. Mattimoe Progress Notes for Adan Abreu | VERIZON001229-VERIZON001246 | |
| 46. | | Physician Consultant Review for Adan Abreu | VERIZON001252-VERIZON001257 | |
| 47. | | Geraldine Muscamere, LCSW, Medical Letter Re: Adan Abreu's Anxiety, dated Feb. 12, 2013 | VERIZON001454-VERIZON001455 | |

| TRIAL EXHIBIT: | DEPOSITION EXHIBIT: | DESCRIPTION: | BATES RANGE: | DEFENDANTS' EVIDENTIARY OBJECTION: |
|---|---|---|---|---|
| 48. | | Institute For Rational Counseling Progress Notes, facsimile to Metlife, dated March 16, 2013 | VERIZON001462- VERIZON001483 | |
| 49. | | Metlife Print Claim Activity Log for Adan Abreu Claim, dated from July 9, 2014 | VERIZON001550- VERIZON001609 | |
| 50. | | Institute For Rational Counseling Progress Notes, dated July 23, 2014 | VERIZON001633- VERIZON001639 | |
| 51. | | Metlife Print Claim Activity Log for Adan Abreu Claim, dated from July 25, 2014 | VERIZON001659- VERIZON001662 | |
| 52. | | Dr. Enoch C. Chan, Medical Note re: Adan Abreu Treatment for Anxiety, dated July 26, 2014 | VERIZON001663 | |
| 53. | | NY State Workers' Compensation Board, Doctor's Report for MMI/Permanent Impairment Form C-4.3 for Adan Abreu | VERIZON001861- VERIZON001865 | |
| 54. | | NY State Workers' Compensation Board, Doctor's Progress Report Form C-4.2 for Adan Abreu | VERIZON001869- VERIZON001934 | |
| 55. | | NY State Workers' Compensation Board, Ancillary Medical Report Form C-4 AMR for Adan Abreu | VERIZON001935- VERIZON001936 | |
| 56. | | Dr. Jerrold Gorski, Medical Report, re: Adan Abreu, dated Feb. 16, 2015 | VERIZON001968- VERIZON001971 | |

| TRIAL EXHIBIT: | DEPOSITION EXHIBIT: | DESCRIPTION: | BATES RANGE: | DEFENDANTS' EVIDENTIARY OBJECTION: |
|---|---|---|---|---|
| 57. | | Adan Abreu Tax Returns from 2011 through 2015 | VERIZON002017-VERIZON002131 | |
| 58. | | Dr. Enoch Chan's Medical Progress Notes, dated Jan. 28, 2017 | VERIZON002201-VERIZON002213; VERIZON002222-VERIZON002228; and VERIZON002238-VERIZON002243 | |
| 59. | Pltf.'s Exh. 2 | Verizon's New York Region Work Rules 2012 | VERIZON002244-VERIZON002247 | |
| 60. | | Verizon's Associate Workplace Attire Guideline | VERIZON002270-VERIZON002277 | |
| 61. | | BE SAFE, Poison Ivy, Oak, Sumac and Giant Hog | VERIZON002278-VERIZON002284 | |
| 62. | Pltf.'s Exh. 3 | CWA Collective Bargaining Agreement, Effective August 3, 2008 | VERIZON002285-VERIZON002670 | |
| 63. | | Enhanced Income Protection Plan for Adan Abreu, dated Dec. 8, 2014 | VERIZON002671-VERIZON002679 | |

1. In addition to the objections above, Defendants object to the introduction of exhibits at trial that are not properly authenticated, contain inadmissible hearsay, are unduly prejudicial, constitute impermissible Character evidence, or are not otherwise admissible under the Federal Rules of Evidence. Defendants Further service the right to withdraw any of the below objections at any time prior to or at trial.

*Defendants' Trial Exhibits*

Defendants anticipate that they may seek to use some or all of the following exhibits in their case-in-chief. Defendants reserve the right to introduce exhibits not identified herein as allowed under the Federal Rules of Evidence or Local Rules of the Court in lieu of or in addition to the exhibits listed below.[2] Defendants also reserve the right to use any or all exhibits designated by Plaintiff and to use exhibits not listed herein for the purposes of impeachment or rebuttal. Further, to the extent that Plaintiff supplements his discovery responses in accordance with his continuing obligations to do so under Fed. R. Civ. P. 26(e), Defendants reserve the right to submit any such responses into evidence.

| TRIAL EXHIBIT | DEPOSITION EXHIBIT: | EXHIBIT DESCRIPTION: | BATES RANGE: | PLAINTIFF'S EVIDENTIARY OBJECTION: |
|---|---|---|---|---|
| A. | Defs. A | Plaintiff's Complaint | | |
| B | Defs. B | Plaintiff's Amended Complaint | | |
| C | Defs. C | Plaintiff's Responses to Defendants' First Set of Interrogatories | | |
| D | Defs. E | Plaintiff's Supplemental Response to Defendants' First Set of Interrogatories | | |
| E | Defs. F | Plaintiff's Responses to Defendants' Requests for Production | | |
| F | Defs. G | Adan Abreu Training History Record | VERIZON000103-VERIZON000104 | |
| G | Defs. H | Poison Ivy, Oak, Sumac, and Giant Hog Training Course Materials | VERIZON002278-VERIZON002284 | |

---

[2]Defendants have requested updated medical records from Plaintiff's providers, including Dr. Enoch Chan, who may testify at trial. Defendants reserve the right to amend their exhibit list in the event that they seek to use these documents at trial

| TRIAL EXHIBIT | DEPOSITION EXHIBIT: | EXHIBIT DESCRIPTION: | BATES RANGE: | PLAINTIFF'S EVIDENTIARY OBJECTION: |
|---|---|---|---|---|
| H | Defs. I | Verizon Equal Employment Opportunity/Affirmative Action Policy (June 2011) | VERIZON000464-VERIZON000465 | |
| I | Defs. J | Verizon Equal Employment Opportunity/Affirmative Action Policy (April 2014) | VERIZON000340-VERIZON000341 | Plaintiff Objects as to Relevance as this policy was in place after the relevant time period, July 2012 |
| J | Defs. K | Verizon Your Work Code of Conduct | VERIZON000177-VERIZON000216 | |
| K | Defs. L | NY/NE Associate Workplace Attire Guidelines | VERIZON000469-VERIZON000470 | |
| L | Defs. M | New York Region Work Rules (2009) | VERIZON002262-VERIZON002265 | |
| M | Defs. N | New York Region Work Rules (2010) | VERIZON002258-VERIZON002261 | |
| N | Defs. O | New York Region Work Rules (2012) | VERIZON002244-VERIZON002247 | |
| O | Defs. P | New York Northwest Region & Empire City Subway Work Rules (2014) | VERIZON002251-VERIZON002253 | Plaintiff Objects as to Relevance as said rules were in place after the relevant time period, namely July 2012. |
| P | Defs. D | Bloomberg Article Featuring Photo of Verizon Employee Ron Haff | VERIZON00213-VERIZON002133 | |
| Q | Defs. Q | Letter from Plaintiff to Robert Connelly Dated January 10, 2013 | VERIZON00006-VERIZON000007 | |
| R | Defs. R | Global Compliance Report by Adan Abreu dated July 25, 2012 | VERIZON000001-VERIZON000003 | |

| TRIAL EXHIBIT | DEPOSITION EXHIBIT: | EXHIBIT DESCRIPTION: | BATES RANGE: | PLAINTIFF'S EVIDENTIARY OBJECTION: |
|---|---|---|---|---|
| S | Defs. T | Doctor's Progress Report, Form C-4.2, by Orlin & Cohen Orthopedic Associates LLP, dated January 9, 2015 | VERIZON001891- VERIZON001895 | |
| T | Defs. V | Report by Jerrold Gorski, M.D., dated February 16, 2015 | VERIZON001968- VERIZON001971 | |
| U | Def. W | Appeals Medical Director-Psychiatry File Review, dated June 18, 2014 | VERIZON001172- VERIZON001463 | |
| V | | David Lucas Verizon Training History Record | VERIZON000105- VERIZON000107 | |
| W | | Thomas Bolger Verizon Training History Record | VERIZON000174- VERIZON000176 | |
| X | | Richard Francis Verizon Training History Record | VERIZON000133- VERIZON000134 | |
| Y | | Internal Memorandum Regarding Workplace Attire Policy | VERIZON002266- VERIZON002268 | |
| Z | | Associate Workplace Attire Guidelines | VERIZON002270- VERIZON002277 | |
| AA | | Collective Bargaining Agreement, Effective August 3, 2008 | VERIZON002285- VERIZON002670 | |
| BB | | Collective Bargaining Agreement, Effective October 19, 2012 | VERIZON000512- VERIZON000947 | |
| CC | | Interview Notes with Plaintiff dated July 31, 2012 | VERIZON000008- VERIZON000011 | |
| DD | | Interview Notes with Plaintiff dated August 7, 2012 | VERIZON000100- VERIZON000102 | |
| EE | | Verizon's Workplace Alert Follow Up Report dated August 8, 2012 | VERIZON000004- VERIZON000005 | |
| FF | | Verizon's Case Management History Report | VERIZON000012- VERIZON000013 | |
| GG | | Plaintiff's Tax Returns | VERIZON002017- VERIZON002130 | |

| TRIAL EXHIBIT | DEPOSITION EXHIBIT: | EXHIBIT DESCRIPTION: | BATES RANGE: | PLAINTIFF'S EVIDENTIARY OBJECTION: |
|---|---|---|---|---|
| HH | | Google Earth Photo of Fire Island, New York | VERIZON002680 | |
| II | | Enhanced Income Protection Plan for Adan Abreu, dated Dec. 8, 2014 | VERIZON002671-VERIZON002679 | |

## **RESERVATION OF RIGHTS**

Subject to the ruling of this Court, Plaintiff and Defendants, by and through counsel, reserve their respective rights to amend and to supplement this Pre-Trial Order.

Subject to the ruling of this Court, Plaintiff and Defendants reserve the right to use any relevant and admissible exhibit identified by Plaintiff's or Defendants' exhibits lists whether or not the Plaintiff or Defendants actually offer such exhibit at the time of trial.

Subject to the ruling of this Court, Plaintiff and Defendants reserve the right to object to any of Plaintiff's or Defendants' exhibits which have not been provided to either party.

Subject to the ruling of this Court, Plaintiff and Defendants respectfully reserve the right to offer for evidence any items, information and documents obtained pursuant to subpoena.

Subject to the ruling of this Court, Plaintiff and Defendants additionally reserve the right to object to Plaintiff's or Defendants' exhibits based on relevancy or other evidentiary grounds.

The Parties respectfully reserve the right, subject to the ruling of this Court, to call upon any witnesses identified by each other's Joint Pre-Trial Order in this action.

February 25, 2019

**LAW OFFICES OF**
**FREDERICK K. BREWINGTON**
556 Peninsula Boulevard
Hempstead, New York 11550

 */s/ Cathryn Harris-Marchesi*
By:    CATHRYN HARRIS-MARCHESI

**SEYFARTH SHAW LLP**
620 Eight Avenue, Floor 32
New York, New York 10018

 */s/ Howard M. Wexler*
By: HOWARD M. WEXLER