UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ADAN ABREU,

                        Plaintiff,

- against -

VERIZON NEW YORK, INC., DAVID
LUCAS, THOMAS BOLGER and
RICHARD FRANCIS,

                        Defendants.

-----------------------------------------------------------X

**VERDICT SHEET**
15-CV-58 (SIL)

## LIABILITY

**I. PRELIMINARY QUESTION APPLICABLE TO PLAINTIFF'S DISCRIMINATION AND RETALIATION CLAIMS**

    1. Did the plaintiff prove by a preponderance of the evidence that defendants subjected him to an adverse employment action?

                      YES __X__    NO____

*If your answer to Question 1 is "Yes," proceed directly to Question 2. If your answer to Question 1 is "No," you have reached a verdict and you need go no further. Please sign and date this Verdict Sheet and inform the Courtroom Deputy that your deliberations are complete and that you have reached a verdict.*

1

COURT EXHIBIT

4

## II. QUESTIONS APPLICABLE TO PLAINTIFF'S DISCRIMINATION CLAIMS ONLY

### A. Title VII, Section 1981 and the New York Law: Corporate Liability

2. Did the plaintiff prove by a preponderance of the evidence that his race, color or national origin was a motivating factor in Verizon's decision to subject him to an adverse employment action?

   YES _X_   NO ____

*If your answer to Question 2 is "Yes," proceed directly to Question 3. If your answer to Question 2 is "No," skip Questions 3 and 4 and proceed directly to Question 5.*

### B. Section 1981: Individual Liability

3. Did the plaintiff prove by a preponderance of the evidence that David Lucas, Thomas Bolger or Richard Francis were personally involved in the discriminatory conduct?

   a) David Lucas        YES ____   NO _X_

   b) Thomas Bolger      YES ____   NO _X_

   c) Richard Francis    YES _X_    NO ____

*Proceed to Question 4.*

### C. The New York Law: Individual Liability

4. Did the plaintiff prove by a preponderance of the evidence that David Lucas, Thomas Bolger or Richard Francis aided and abetted Verizon or any Verizon employee by personally participating in the discriminatory conduct?

   a) David Lucas        YES _X_    NO ____

   b) Thomas Bolger      YES ____   NO _X_

2

      c) Richard Francis        YES _X_    NO____

*Proceed to Question 5.*

## III. QUESTIONS APPLICABLE TO PLAINTIFF'S RETALIATION CLAIMS ONLY

### A. Title VII, Section 1981 and the New York Law: Corporate Liability

5. Did the plaintiff prove by a preponderance of the evidence that he engaged in protected activity that was a "but-for" cause of an adverse employment action?

                 YES _X_    NO____

*If your answer to Question 5 is "Yes," proceed directly to Question 6. If your answer to Question 5 is "No," and your answer to Question 2 is also "No," you have reached a verdict and you need go no further. Please sign and date this Verdict Sheet and inform the Courtroom Deputy that your deliberations are complete and that you have reached a verdict. If, however, your answer to Question 5 is "No," and your answer to Question 2 is "Yes," proceed directly to Question 8.*

### B. Section 1981: Individual Liability

6. Did the plaintiff prove by a preponderance of the evidence that David Lucas or Thomas Bolger were personally involved in the retaliatory conduct?

      a) David Lucas         YES _X_    NO____

      b) Thomas Bolger     YES ____    NO _X_

*Proceed to Question 7.*

3

## C. The New York Law: Individual Liability

7. Did the plaintiff prove by a preponderance of the evidence that David Lucas or Thomas Bolger aided and abetted Verizon or any Verizon employee by personally participating in the retaliatory conduct?

   a) David Lucas        YES _X_    NO ___

   b) Thomas Bolger      YES ___    NO _X_

*Proceed to question 8.*

## DAMAGES

8. Do you find that the plaintiff has proven, by a preponderance of the evidence, that he is entitled to actual damages, in the form of lost overtime compensation prior to his separation from Verizon, as a result of the defendants' discrimination and/or retaliation in violation of Title VII, Section 1981 and/or the New York law?

   YES _X_   NO ___

   If you answered "Yes" to Question 8, state below the amount that is to be awarded in actual damages.

   $ _55,000_

*Proceed to question 9.*

9. Do you find that the plaintiff has proven, by a preponderance of the evidence, that he is entitled to compensatory damages for pain, suffering or emotional distress that he experienced as a result of the defendants' discrimination and/or retaliation in violation of Title VII, Section 1981 and/or the New York law?

   YES _X_   NO ___

   If you answered "Yes" to Question 9, state below the amount that is to be awarded in

4

compensatory damages for pain, suffering or emotional distress.

$ 750,000

*Proceed to Question 10.*

10. If you answered "No" to **both** Question 8 **and** Question 9, you must award nominal damages of $1 in the space below.

$ —

*Proceed to Question 11.*

11. Do you find that the plaintiff has proven, by a preponderance of the evidence, that he is entitled to punitive damages as a result of the defendants' discrimination and/or retaliation in violation of Title VII, Section 1981 and/or the New York law?

YES X    NO ____

If you answered "Yes" to Question 11, state below the amount that is to be awarded in punitive damages.

$ 1,850,000

*Please sign and date this verdict sheet and inform the Courtroom Deputy that your deliberations are complete and that you have reached a verdict.*

_____
(Signature of Foreperson)

Central Islip, New York
March 26, 2019

5