UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

                                                  ECF CASE

ADAN ABREU,

                                                  Docket No.: 15-CV-58 (SIL)

               Plaintiff,

         - against -

VERIZON NEW YORK, INC.; DAVID LUCAS,
THOMAS BOLGER, and RICHARD FRANCIS,

               Defendants.
-------------------------------------------------------------X

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

| GREENBERG TRAURIG, LLP | SEYFARTH SHAW LLP |
|---|---|
| Alan Mansfield | Howard M. Wexler |
| Stephen L. Saxl | Paul H. Galligan |
| William Wargo | Meredith-Anne M. Berger |
| 200 Park Avenue | 620 Eighth Avenue, 32nd Floor |
| New York, NY 10166 | New York, NY 10018-1405 |
| Tel.: (212) 801-9200 | Tel.: (212) 218-5500 |
| Fax: (212) 801-6400 | Fax: (212) 218-5526 |
| mansfielda@gtlaw.com | hwexler@seyfarth.com |
| saxls@gtlaw.com | pgalligan@seyfarth.com |
| wargow@gtlaw.com | mberger@seyfarth.com |

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

ARGUMENT ...................................................................................................................... 3

    A.    Plaintiff Fails To Identify Any Controlling Authority Overlooked By The Court. .................................................................................................................. 3

    B.    Other Courts Have Issued Conditional Remittitur Orders For "Zero Damages."......................................................................................................... 5

    C.    Defendants Did Not Seek The Remedy Requested By Plaintiff............................ 6

CONCLUSION................................................................................................................... 7

Defendants Verizon New York, Inc., David Lucas, and Richard Francis (collectively, the "Defendants") respectfully submit this memorandum in opposition to Plaintiff's Motion for Reconsideration of the Portion of the March 25, 2020 Memorandum and Order (the "Court's Order") That Vacated the Jury's Award of Punitive Damages and Remitted It to Zero Without Granting a New Trial On This Issue Alone ("Motion").

## INTRODUCTION

Plaintiff's Motion fails to meet the strict standard for reconsideration of a court's order and, therefore, should be denied. *United States v. Nkanga*, Case No. 18-CR-713 (JMF), 2020 U.S. DIST. LEXIS 61456, at *2 (S.D.N.Y. April 7, 2020) (motion for reconsideration held to a strict standard). The grounds that can justify reconsideration "are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted). After reciting those requirements (Plaintiff's Memorandum [ECF 113-1] ("Pl. Mem.") at 2), Plaintiff does not invoke any of those grounds.

Plaintiff does not point to any intervening change in the law or new evidence. Thus, Plaintiff presumably intends to argue that the portion of the Court's Order conditionally remitting punitive damages to zero constituted "clear error." In order to demonstrate clear error, however, Plaintiff must point to "*controlling decisions* or data that the court overlooked…." *Law Offices of Marcia E. Kusnetz, P.C. v. Richgat*, 783 Fed. Appx. 11, 13 (2d Cir. 2019) (internal quotation marks and citation omitted, emphasis added); *accord Blakely v. Lew*, 607 Fed. Appx. 15, 18 (2d Cir. 2015). Plaintiff fails to identify any controlling Second Circuit or Supreme Court authority (or factual data) overlooked by the Court, and thus fails to demonstrate any cognizable basis for reconsideration.

1

Plaintiff argues that having conditionally remitted the amount of compensatory damages and vacated the jury's punitive damages verdict—rulings as to which Plaintiff is not seeking reconsideration (Pl. Mem. at 1 n. 1, 4)—the Court was compelled to order a new trial on only the issue of punitive damages prior to offering Plaintiff the choice of accepting the remitted amounts. According to Plaintiff, the Court's Order conditionally remitting the award of punitive damages to zero and offering Plaintiff the choice between a new trial on damages or accepting the remitted amounts was error because it supposedly did not offer Plaintiff a real choice.  But the Court did offer Plaintiff a choice.  Plaintiff appears to contend that he is entitled to a new trial on punitive damages before electing whether to accept the remitted amounts for actual and compensatory damages and a potential punitive damages award (or remitted punitive damages award).  Not surprisingly, in support of this proposition, Plaintiff does not cite any authority (controlling or otherwise) overlooked by the Court.  To the contrary, there is ample precedent for a trial court reducing an award or a portion of an award to zero, and offering the plaintiff the option of accepting the remitted award (including an amount of zero) or a new trial on damages.  Here, the Court offered Plaintiff the choice between $238,419 and a new trial.  The fact that Plaintiff might prefer a different choice than the one offered by the Court does not mean that he does not have a real choice, let alone a choice constituting "clear error" compelling reconsideration of the Court's Order.

Plaintiff attempts to buttress his argument by claiming, in effect, that he is merely arguing for the relief supposedly requested by Defendants in their post-trial motion.  Plaintiff implies that Defendants requested a new trial solely on punitive damages if the Court vacated the punitive damages award.  (Pl. Mem. at 3).  Defendants, however, never requested a punitive damages-only

retrial.  Instead, Defendants sought a new trial on all issues, including liability.[1]  Thus, while Defendants sought more than the relief granted by the Court's Order, nothing in Defendants' post-trial briefs supports Plaintiff's wish to be able to select a punitive damages-only retrial and then decide whether to accept the remitted actual and compensatory awards or to restart the process all over again.

## ARGUMENT

### A.   Plaintiff Fails To Identify Any Controlling Authority Overlooked By The Court.

The Court's Order vacated the punitive damages award because the verdict sheet did not differentiate among the Defendants and "without a differentiated verdict, it is impossible to know whether the jury meant to punish [Defendants] Francis, Lucas and Verizon, or only Francis and Lucas but not Verizon, the latter being a legally supported result from the same evidence presented." (Court's Order [ECF No. 112] at 67).  The Court granted Defendants' motion for remittitur and reduced actual damages from $55,000.00 to $38,419.00, compensatory damages from $750,000.00 to $200,000.00, and punitive damages from $1,850,000.00 to $0.00.  The Court presented Plaintiff with the option of accepting the remitted award in its entirety or a new trial as to damages only.

Plaintiff does not seek reconsideration of the vacatur of the punitive damages award (entitlement and amount) or the Court's remittitur of the actual and compensatory damages award.

---

[1] Defendants have not moved for reconsideration of the Court's Order, but reserve all rights to appeal the Court's denial of their motion for judgment as a matter of law pursuant to Rule 50, Fed. R. Civ. P., and the Court's denial of their motion for a new trial on all issues, including liability, pursuant to Rule 59, Fed. R. Civ. P.  Moreover, Defendants continue to maintain, and have not waived, their position that a damages-only retrial is not the proper solution to the trial errors here. Liability and damages issues here are so intertwined that a retrial on damages-only is impermissible, and, absent judgment for Defendants as a matter of law, the only appropriate remedy is a new trial on all issues.

(Pl. Mem. at 1 n. 1, 4).  Plaintiff, however, argues that the Court should have allowed him the option of pursuing a retrial as to punitive damages only, and then being afforded the choice "whether to accept all of the remitted awards or face a new trial on actual, compensatory and punitive damages."  (Pl. Mem. at 1).  According to Plaintiff, he should not be required to accept "either a punitive damages award of zero or face a new trial."  (Pl. Mem. at 4).  In order to establish grounds for reconsideration, Plaintiff must do more than express discontent with the options presented by the Court or even establish that the Court had the option of crafting a different remedy.  Instead, Plaintiff must establish the Court's Order constitutes "clear error" because the Court ignored "controlling decisions" that require a different result.  *See Richgat*, 783 Fed. Appx. at 13.

Here, Plaintiff does not identify any controlling decisions that required the Court to give him the option of a trial as to punitive damages only.  Indeed, the decisions cited by Plaintiff in support of this argument do not even address remittitur.  (Pl. Mem. at 2-3).  Having failed to identify any decisions that discuss the point raised in his brief, let alone decisions that would require the Court to reach a different result, Plaintiff has manifestly not satisfied the strict standard for reconsideration.  In *Armstrong v. Brookdale Univ. Hosp. & Med. Ctr.*, Plaintiff's lead citation, the Second Circuit found that a verdict sheet contained fundamental error, reversed judgment and remanded for a new trial.  425 F.3d 126, 135-36 (2d Cir. 2005).  Nothing in the Second Circuit's decision addressed remittitur, including whether a trial court may allow a plaintiff a choice between a total award including zero dollars for a particular component of damages or a new trial.  Similarly, in *Cann v. Ford Motor Co.*, 658 F.2d 54, 58-59 (2d Cir. 1981), the Second Circuit remanded for a new trial where the verdict sheet was misleading and confusing and the opinion did not discuss remittitur in any fashion.  Nor was the appropriateness of remittitur at issue in

*Kosmynka v. Polaris Indus., Inc.*, 462 F.3d 74, 82 (2d Cir. 2006), where the Second Circuit remanded a case for a new trial because of an inconsistent jury verdict. Finally, there was no discussion of the appropriateness of remittitur in *Morse v. Fusto*, 804 F.3d 538 (2d Cir. 2015), where the Second Circuit rejected the appellants' arguments for a new trial.

**B.    Other Courts Have Issued Conditional Remittitur Orders For "Zero Damages."**

Contrary to Plaintiff's implication that there was something extraordinary about the Court's Order remitting punitive damages to $0.00, other district courts have issued conditional remittitur orders requiring plaintiffs to choose between zero damages for a particular claim or damages component, or a new trial. The decision of the District of Connecticut in *Ikram v. Waterbury Bd. of Educ.*, Case. No. 3:95CV2478 (AHN), 1997 U.S. DIST. LEXIS 14619 (D. Conn. Sept. 9. 1997) is illustrative. In that case, the district court held, post-trial, that the jury had improperly awarded $100,000 in punitive damages against a municipality under Section 1983. *Ikram*, at *12-13. The district court recognized that the plaintiff's state law claim for intentional infliction of emotional distress could support punitive damages, but that under applicable state law such a claim was limited to the prevailing party's litigation expenses. *Id*. at *13. The district court held that the punitive damages award could not stand and found that "[a] new trial on "the issue of damages is thus necessary." *Id*. at *13. The district court, however, denied the defendants' motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure conditioned on the plaintiff accepting a remittitur of the punitive damages award against the municipality to zero, despite the court's recognition of the availability of punitive damages. *Id*. *See also Taylor v. N.C. Dep't of Revenue*, Case No. 3:12-cv-00860-MOC-DSC, 2015 U.S. DIST. LEXIS 94070, at *12-13 (D.N.C. July 20, 2015) (reducing compensatory damages of $225,000 to zero and offering plaintiff choice of accepting zero compensatory damages or a new trial on compensatory damages); *Hafco*

*Foundry & Mach. Co. v. GMS Mine Repair & Maint. Inc.*, Case No. 2018-1904, 2020 U.S. App. LEXIS 8197, at *2 (Fed. Cir. March 16, 2020) (district court had remitted damages award from $123,650 to zero and offered plaintiff choice of accepting remitted damages award of zero or new trial on damages).  Thus, by reducing the punitive damages award to zero, and offering Plaintiff the choice of (i) accepting an award including actual and compensatory damages but zero punitive damages, or (ii) a new trial, this Court did not ignore judicial precedent.

C.      **Defendants Did Not Seek The Remedy Requested By Plaintiff.**

Plaintiff seeks to bolster his Motion by suggesting that Defendants sought a new trial on punitive damages-only as the remedy for the problems relating to the verdict form.  (Pl. Mem. at 3).  This assertion is incorrect.  Throughout their moving and reply briefs in support of their post-trial motions, including the sentence quoted by Plaintiff (Pl. Mem. at 3), Defendants consistently requested a "new trial" without qualification, not a "new trial on punitive damages only" or even "a new trial on damages only."  (*See, e.g.*, Defendants' Memorandum, ECF No. 104, at 2 ("If the case survives Rule 50, the Court should order ***a new trial*** under Rule 59 because cumulative errors resulted in an inexplicable and unsustainable jury verdict") (emphasis added); Defendants Reply, ECF No. 109, at 13) ("Even if the Court had not told Defendants their arguments were preserved, ***a new trial*** would be required to prevent manifest injustice.") (emphasis added).  Defendants have not agreed and do not agree with Plaintiff's unsupported assertion that a punitive damages-only retrial is required (or even permitted).  To the contrary, Defendants' position is that either a punitive damages-only retrial or a damages-only retrial is impermissible and the appropriate remedy is a new trial on all issues.  In any event, there is no basis for granting Plaintiff's Motion for Reconsideration.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the Court should deny Plaintiff's Motion for Reconsideration, and grant Defendants such other and further relief as the Court deems just and proper.

Dated: New York, New York
        April 21, 2020

GREENBERG TRAURIG, LLP                SEYFARTH SHAW LLP

By:____*/s/ Alan Mansfield*_____        By:____*/s/ Howard M. Wexler*_____
        Alan Mansfield                                Howard M. Wexler
        Stephen L. Saxl                               Paul H. Galligan
        William Wargo                                 Meredith-Anne M. Berger
200 Park Avenue                               620 Eighth Avenue
New York, NY 10166                            New York, NY 10018
Tel.: (212) 801-9200                          Tel.: (212) 218-5500
Fax: (212) 801-6400                           Fax: (212) 218-5526
mansfielda@gtlaw.com                          hwexler@seyfarth.com
saxls@gtlaw.com                               pgalligan@seyfarth.com
wargow@gtlaw.com                              mberger@seyfarth.com