UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ADAN ABREU,

               Plaintiff,

- against -

VERIZON NEW YORK INC.; DAVID LUCAS,
THOMAS BOLGER, and RICHARD FRANCIS,

               Defendants.
-------------------------------------------------------------------X

ECF CASE

Docket No.: 15-CV-58 (SIL)

## STIPULATION AND ORDER

Plaintiff Adan Abreu ("Plaintiff" or "Abreu") and Defendants Verizon New York Inc. ("Verizon"), David Lucas ("Lucas"), Thomas Bolger ("Bolger") and Richard Francis ("Francis") (collectively, "Defendants") (Plaintiff and Defendants collectively, the "Parties"), by their undersigned counsel, stipulate as follows:

**WHEREAS**, Plaintiff was previously employed by Verizon as a Field Technician;

**WHEREAS**, Plaintiff asserted claims of employment discrimination, constructive discharge, hostile work environment, and retaliation in the above-captioned action against Verizon, and current or former employees David Lucas ("Lucas"), Thomas Bolger ("Bolger") and Richard Francis ("Francis") (collectively, with Verizon, "Defendants") (the "Action");

**WHEREAS**, a trial was held in the Action commencing on March 11, 2019 (the "Trial");

**WHEREAS**, during the Trial, the Court granted a motion for directed verdict and dismissed Plaintiff's claims for hostile work environment and constructive discharge as to all Defendants, and Plaintiff's claim for retaliation as to Francis;

1

**WHEREAS**, at the conclusion of the Trial, on March 26, 2019, the Jury returned a verdict finding Verizon liable for discrimination under federal and state law, that Francis was liable only under state law and that Bolger was not individually liable under federal or state law, and the jury further found that Verizon was liable for retaliation under federal and state law, that Lucas was individually liable under federal and state law and that Bolger was not individually liable either under federal or state law (the "Verdict") [ECF No. 94];

**WHEREAS**, the Jury awarded Abreu $55,000.00 in actual damages, $750,000.000 in compensatory damages and $1,850,000.00 in punitive damages;

**WHEREAS**, the Verdict sheet did not indicate which of the Defendants the Jury intended to award punitive damages against and for how much against any particular Defendant, whether the Jury intended to award punitive damages on the discrimination claim or the retaliation claim or both and for how much on either claim, and whether the Jury intended to award punitive damages on the Title VII, Section 1981 or state law claims and for how much on any claim;

**WHEREAS**, the Court entered Judgment for Abreu against Verizon, Francis and Lucas in the amount of $2,665,000 on April 4, 2019 (the "Judgment") [ECF No. 96];

**WHEREAS**, on March 25, 2020, the Court denied Defendants' motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b), but conditionally granted Defendants' motion under Federal Rule of Civil Procedure Rule 59 for a new trial on damages with respect to actual, compensatory and punitive damages if Plaintiff did not accept remitted awards of $38,419.00 and $200,000.00 respectively for actual and compensatory damages and zero dollars for punitive damage [ECF No. 112];

**WHEREAS**, Plaintiff filed a motion for reconsideration of the portion of the March 25, 2020 Memorandum and Order that vacated the Jury's award of punitive damages and remitted it to zero without granting a new trial on punitive damages alone [ECF No. 113];

**WHEREAS**, Defendants filed opposition to the motion for reconsideration [ECF No. 114] and contend that Plaintiff's motion for reconsideration should be denied, and that the Court cannot constitutionally or properly try damages or punitive damages without retrying liability;

**WHEREAS**, Plaintiff has contemplated filing an appeal from any final judgment seeking to reinstate the Jury's Verdict, and Defendants categorically deny any and all liability and would appeal from any final judgment imposing liability and seek reversal of the Jury's determination of liability and judgment as a matter of law on all of Plaintiff's claims;

**WHEREAS**, this case has a long history and continues to be actively litigated, and absent a settlement, there is a certainty that the Parties would engage in further prolonged litigation and appeals, and therefore exceptional circumstances exist;

**WHEREAS**, the Parties desire to bring the Action to an end and thereby avoid the certainty of prolonged litigation, including an additional trial (and possibly multiple additional trials) and appeals by Plaintiff and Defendants, that would consume the resources of the Parties as well as judicial resources; and

**WHEREAS,** the Parties have reached a confidential settlement agreement pursuant to which the Parties have agreed to the vacatur of the Verdict and the Judgment in order to avoid the certainty of prolonged litigation and to resolve the Action; and

3

**NOW THEREFORE**, the Parties jointly request that the Court exercise its authority pursuant to Federal Rule of Civil Procedure 60(b) to vacate the Verdict and the Judgment, and then pursuant to Federal Rule of Civil Procedure 41, to dismiss this Action with prejudice.

| | |
|---|---|
| LAW OFFICES OF FREDERICK K. BREWINGTON | GREENBERG TRAURIG, LLP |
| By: _/s/ Frederick K. Brewington_ | By: _/s/_ |
| Frederick K. Brewington<br>556 Peninsula Blvd.<br>Hempstead, New York 11550<br>(516) 489-6959<br>fred@brewingtonlaw.com | Alan Mansfield<br>Stephen L. Saxl<br>William A. Wargo<br>MetLifeBuilding<br>200 Park Avenue, 39th Floor<br>New York, New York 10166<br>(212) 801-9200<br>mansfielda@gtlaw.com<br>saxls@gtlaw.com<br>wargow@gtlaw.com |
| *Attorneys for Plaintiff* | SEYFARTH SHAW LLP<br>Howard M. Wexler<br>Paul H. Galligan<br>620 Eighth Avenue, 32nd Floor<br>New York, New York 10018-1405<br>(212) 218-5500<br>hwexler@seyfarth.com<br>pgalligan@seyfarth.com |
| | *Attorneys for Defendants* |

**IT IS HEREBY ORDERED** that pursuant to Federal Rule of Civil Procedure 60(b) the Verdict and the Judgment are **VACATED**; and

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 41, this Action is **DISMISSED WITH PREJUDICE AND WITHOUT COSTS AGAINST ANY PARTY.**

**SO ORDERED:**

Dated: June 23, 2020
New York, New York

/s/ Steven I. Locke
The Honorable Steven I. Locke
United States Magistrate Judge